_____ FILED          RECEIVED _____
_____ ENTERED        SERVED ON _____
           COUNSEL/PARTIES OF RECORD

MAY 1 5 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

1   RICHARD SEGERBLOM, Bar No. 1010
    700 South Third Street
2   Las Vegas NV 89101
    702.388.9600 (office)
3   702.385.2909 (fax)

4

5   DAN SIEGEL, admitted *pro hac vice*
    DEAN ROYER, admitted *pro hac vice*
6   SIEGEL & YEE
    499 14th Street, Suite 300
7   Oakland, California 94612
    Telephone: (510) 839-1200
8   Facsimile: (510) 444-6698

9

10  Attorneys for Plaintiffs

11  MARY PHELPS DUGAN, Nevada Bar No. 657
    General Counsel
12  GARY A. CARDINAL, Nevada Bar No. 76
    Assistant General Counsel
13  University of Nevada, Reno
    1664 North Virginia Street, MS550
14  Reno, Nevada 89557-0550
    (775) 784-3493
15  (775) 327-2202--FAX

16

17  Attorneys for Defendants

18              UNITED STATES DISTRICT COURT FOR THE

19                      DISTRICT OF NEVADA

20  RANGESAN NARAYANAN and          )  Case No. 3:11-cv-00744-LRH-VPC
21  GEORGE FERNANDEZ,               )
                                    )  **STIPULATED PROTECTIVE ORDER RE**
22          Plaintiffs,             )  **CONFIDENTIAL INFORMATION**
                                    )
23      vs.                         )
                                    )
24                                  )
    THE STATE OF NEVADA EX REL THE  )
25  BOARD OF REGENTS OF THE NEVADA  )
    SYSTEM OF HIGHER EDUCATION, et al,)
26                                  )
27          Defendants.            )
    _____

28                                  1

### SCOPE OF PROTECTIVE ORDER

This Stipulated Protective Order is intended to apply to two categories of information: Notices of Layoffs and Reassignments, which the Court ordered Defendant to produce in its Minute Order dated April 13, 2013, and Plaintiffs' Medical Records and Billing/Payment information.  Should additional categories of documents be produced that require a protective order, the parties will propose such further order(s) as deemed necessary.

#### A. Notices of Layoffs and Reassignments:

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows, concerning the notifications by Defendant NSHE to its tenured employees who were retained, reassigned or laid off from either of the two departments in the University of Nevada, Reno's College of Agriculture, Biotechnology and Natural Resources and the notifications to employees who were retained, reassigned or laid off from the Center for Research, Design and Analysis in 2010, which the Court ordered must be provided to Plaintiffs subject to this protective order:

1. All notifications by Defendant NSHE to its tenured employees who were retained, reassigned or laid off from either of the two departments in the University of Nevada, Reno's College of Agriculture, Biotechnology and Natural Resources and the notifications to employees who were retained, reassigned or laid off from the Center for Research, Design and Analysis in 2010 which are subject to this Court's Order for production, shall be considered Confidential Information and shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

2. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

2

1    (a) counsel for the respective parties to this litigation, including in-house counsel and

2  co-counsel retained for this litigation, including employees of counsel.

3    (b) any authors or recipients of the Confidential Information;

4    (c) the Court, Court personnel and court reporters.

5  **B. Medical Records and Billing Payment Information:**

6    In order to protect the confidentiality of medical records and medical billing and

7  payment information of either or both Plaintiffs obtained by the parties in connection

8  with this case, the parties hereby agree as follows concerning such information.

9    1. All medical records, including billing and payment information, shall be considered

10  Confidential Information and shall be used by the party or parties to whom the

11  information is produced solely for the purpose of this case.

12    2. Except with the prior written consent of other parties, or upon prior order of this

13  Court obtained upon notice to opposing counsel, Confidential Information shall not be

14  disclosed to any person other than:

15    (a) counsel for the respective parties to this litigation, including in-house counsel and

16  co-counsel retained for this litigation.

17    (b) any authors or recipients of the Confidential Information;

18    (c) the Court, Court personnel and court reporters

19    (d) employees of counsel for the parties;

20    (e) the parties;

21    (f) experts retained by either side, provided that each expert shall execute a copy of

22  the Certification attached to this Order as Exhibit "A" (which shall be retained by counsel

23  to the party disclosing the Confidential Information and made available for inspection by

24  opposing counsel during the pendency or after the termination of the action only upon

25  good cause shown and upon order of the Court) before being shown or given any

26  Confidential Information;

27

28                            3

1  (g) witnesses, provided that each witness shall execute a copy of the Certification

2  attached to this Order as Exhibit "A" (which shall be retained by counsel to the party

3  disclosing the Confidential Information and made available for inspection by opposing

4  counsel during the pendency or after the termination of the action only upon good cause

5  shown and upon order of the Court) before being shown or given any Confidential

6  Information.

7  **C.  Provisions Relating to Each Category of Documents:**

8  1. All documents subject to this Protective Order shall be marked "CONFIDENTIAL"

9  by the party producing the documents.

10  2. A party or non-party may designate information disclosed during a deposition or in

11  response to written discovery as "confidential" by so indicating in the response or on the

12  record at the deposition and requesting the preparation of a separate transcript of such

13  material. Additionally a party or non-party may designate in writing, within twenty (20)

14  days after receipt of the responses or of the deposition transcript for which the

15  designation is proposed, that specific pages of the transcript or specific responses be

16  treated as "confidential" information. Any other party may object to the proposal, in

17  writing or on the record. Upon an objection, the parties shall follow the procedures

18  described in paragraph 5 below. After any designation made according to the procedure

19  set forth in this paragraph, the designated documents or information shall be treated

20  according to the designation until the matter is resolved according to the procedures

21  described in paragraph 5 below, and counsel for all parties shall be responsible for

22  making all previously unmarked copies of the designated material in their possession or

23  control with the specified designation.

24  3. Any persons receiving Confidential Information shall not reveal or discuss such

25  information to or with any person who is not entitled to receive such information, except

26  as set forth herein.

27

28                                                    4

1    4. Unless otherwise permitted by statute, rule or prior court order, papers filed with

2  the court under seal shall be accompanied by a contemporaneous motion for leave to

3  file those documents under seal, and shall be filed consistent with the court's electronic

4  filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any

5  agreement among the parties, the party seeking to file a paper under seal bears the

6  burden of overcoming the presumption in favor of public access to papers filed in court.

7  *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

8    5. If a party contends that any material is not entitled to confidential treatment, such

9  party may at any time give written notice to the party or non-party who designated the

10  material. The party or nonparty who designated the material shall have twenty-five (25)

11  days from the receipt of such written notice to apply to the Court for an order

12  designating the material as confidential. The party or non-party seeking the order has

13  the burden of establishing that the document is entitled to protection.

14    6. Notwithstanding any challenge to the designation of material as Confidential

15  Information, all documents shall be treated as such and shall be subject to the

16  provisions hereof unless and until one of the following occurs:

17    (a) the party or non-party claims that the material is Confidential Information

18  withdraws such designation in writing; or

19    (b) the party or non-party who claims that the material is Confidential Information

20  fails to apply to the Court for an order designating the material confidential within the

21  time period specified above after receipt of a written challenge to such designation; or

22    (c) the Court rules the material is not confidential.

23    7. All provisions of this Order restricting the communication or use of Confidential

24  Information shall continue to be binding after the conclusion of this action, unless

25  otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession

26  of Confidential Information, other than that which is contained in pleadings,

27  correspondence, and deposition transcripts, shall either (a) return such documents no

28                                                    5

1   later than thirty (30) days after conclusion of this action to counsel for the party or

2   nonparty who provided such information, or (b) destroy such documents within the time

3   period upon consent of the party who provided the information and certify in writing

4   within thirty (30) days that the documents have been destroyed.

5     8. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the

6   use of documents at trial.

7     9. Nothing herein shall be deemed to waive any applicable privilege or work product

8   protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of

9   material protected by privilege or work product protection.

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27

28                                 6

Dated: May 14, 2012

SIEGEL & YEE

By: _____
Dean Royer

Attorneys for Plaintiffs
RANGESAN NARAYANAN and
GEORGE FERNANDEZ

Dated: May 14, 2012

By: _____
Mary Phelps Dugan

Attorneys for Defendants
THE STATE OF NEVADA EX REL
THE BOARD OF REGENTS OF
THE NEVADA SYSTEM OF
HIGHER EDUCATION ON
BEHALF OF THE UNIVERSITY
OF NEVADA, RENO, and MARC
JOHNSON, in his individual
capacity

IT IS SO ORDERED:

_____
United States Magistrate Judge

DATED: May 15, 2012

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the University of Nevada, Reno, over the age of eighteen years, that I am not a party to the within action, and that on the 15th day of May, 2012, I electronically filed the foregoing **STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**, with the Clerk of the Court by using the ECF system which served the following parties electronically:

RICHARD SEGERBLOM
700 South Third Street
Las Vegas, Nevada 89101

DAN SIEGEL
DEAN ROYER
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, California 94612

/S/ Michelle A. Ené
Employee of the University of Nevada, Reno

8

# EXHIBIT A

# EXHIBIT A

1

**EXHIBIT A**

2    I hereby certify my understanding that Confidential Information is being provided to

3 me pursuant to the terms and restrictions of the Protective Order dated

4 _____, in *Rangesan Narayanan and George Fernandez v. The State of*

5 *Nevada ex rel the Board of Regents of the Nevada System of Higher Education, et al.,*

6 Civil Case No. 3:11-cv-00744-LRH-VPC. I have been given a copy of that Order and

7 read it. I agree to be bound by the Order. I will not reveal the Confidential Information to

8 anyone, except as allowed by the Order. I will maintain all Confidential Information—

9 including copies, notes, or other transcriptions made from Confidential Information—in a

10 secure manner to prevent unauthorized access to it. No later than thirty (30) days after

11 the conclusion of this action, I will return the Confidential Information—including copies,

12 notes or other transcriptions made from Confidential Information—to the counsel who

13 provided me with the Confidential Information. I consent to the jurisdiction of the United

14 States District Court for the purpose of enforcing the Protective Order.

15

16 DATED:_____.

17

18 _____

19

20

21

22

23

24

25

26

27

28                                                     1