# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RANGESAN NARAYANAN, et al., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE STATE OF NEVADA, et al., )<br>)<br>Defendant(s). )<br>_____) | 3:11-CV-0744-LRH (VPC)<br><br>**MINUTES OF THE COURT**<br><br>May 31, 2012 |

PRESENT:    THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:       LISA MANN             REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

   Plaintiffs filed an emergency motion for reconsideration of the court's ruling regarding George Fernandez's privilege log (#46) and defendants ("NSHE") opposed (#53).  Counsel for the parties agreed to this expedited briefing schedule in light of upcoming depositions (#51).  For the reasons set for herein, plaintiffs' motion is denied.

   At the May 14, 2012 case management conference, the court ordered that plaintiff George Fernandez ("Dr. Fernandez") produce to NSHE certain documents identified in his privilege log (#45).  Dean Royer, attorney for the plaintiffs who appeared at the hearing and argued that communications between Dr. Fernandez, his attorney Richard Segerblom, and members of the Nevada Faculty Alliance ("NFA") were protected by the attorney-client privilege.  Glen Miller, Scott Huber, and Robert Correalas are the  NFA members who were present during communications with Dr. Fernandez and Mr. Segerblom.  Mr. Royer contended that these third parties were present during these communications to further the rendition of legal advice because they were directly involved in the matter and had a reasonable need to know of the communications.  This court ruled that these communications were not privileged and ordered plaintiffs to produce the disputed documents (#45).

   After the case management conference, Mr. Royer  learned that Mr. Segerblom has been and is counsel for the NFA (#46, Royer declaration).  Dr. Fernandez seeks reconsideration of this court's order on the basis that his communications with his attorney and the officers of an organizations also represented by his attorney are privileged based upon the common interest doctrine.  The NSHE contends that the common interest doctrine does not apply to the facts of this case. The court agrees.

The common interest doctrine evolved from the joint defense privilege and extends the attorney-client privilege to communications passing from one party to the attorney of another party where a joint strategy has been decided upon and undertaken by the parties and their respective counsel. U.S. V. Gonzalez, 669 F.3d 974, 978 (9th Cir.2012) citing United States v. Schwimmer, 852 F.2d 237, 243 (2d Cir. 1989). This court has acknowledged that the majority of courts apply the common interest doctrine where the parties are represented by separate counsel but engaged in a common legal enterprise. See FSP Stallion 1, LLC v. Luce (2010 WL 3895914) (D. Nev. 9/30/2010).

Neither the motion for reconsideration nor Mr. Segerblom's declaration explains the nature of Mr. Segerblom's representation of the NFA or any legal matters on which he has appeared on behalf of the NHA. Fundamental to the common interest doctrine is some nexus between the NFA, these NFA officers, and the parties to this litigation. There is none. Dr. Fernandez has identified no other related litigation involving that NFA and its officers that implicates the common interest doctrine which might give rise to pursuit of a joint strategy to prosecute or defend their respective claims. The only colorable interest the NFA and its officers have in this case appears to be a shared desire to support faculty tenure and an interest in a favorable outcome for the plaintiffs in this case. This is insufficient to bring a communication between two parties within the common interest extension of the attorney-client privilege. In re Pacific Pictures Corp., (No. 11-71844) ____ F.3d ___ (9th Cir. 5/10/2012). Dr. Fernandez has failed to meet his burden to prove the communicants at issue are protected by the common interest extension of the attorney-client privilege based on Mr. segerblom's representation of the NFA.

Based on the foregoing, plaintiffs' motion for reconsideration (#46) is DENIED, and the following documents shall be produced as earlier ordered: Communications identified in Bates Numbers 1942, 1943, 1948, 1949, 1950, and 1951 between Mr. Fernandez, Mr. Segerblom, and Messrs. Miller, Huber, and Correalas.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
　　　　Deputy Clerk