UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| RANGESAN NARAYANAN, et al., ) | 3:11-CV-0744-LRH (VPC) |
| Plaintiff, ) | **MINUTES OF THE COURT** |
| vs. ) | May 31, 2012 |
| THE STATE OF NEVADA, et al., ) | |
| Defendant(s). ) | |

PRESENT:    THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    LISA MANN            REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Plaintiffs filed this emergency motion to modify subpoena of medical records of plaintiff Dr. Fernandez (#47) and defendants, Nevada System of Higher Education ("NHSE") opposed (#54). The NHSE has subpoenaed all medical records for a five-year period in the possession of Dr. Fernandez's physician, Dr. Doina Kulick, who has treated Dr. Fernandez for anxiety, depression, and sleep disorder, and who has prescribed medications for him (#54, Ex. 2). In addition to propounding interrogatories to Dr. Fernandez about his special damages claim, the NHSE also sent him requests for production of documents to request medical records related to his damage claims, and Dr. Fernandez responded (#54, Ex. 3).

Although he agreed to produce the records, Dr. Fernandez would only do so after entry of a protective order, and he would not provide an authorization for release of his medical records. Id. The NHSE agreed to the protective order, but Dr. Fernandez did not produce any medical records (#54). The NHSE elected to subpoena Dr. Fernandez's medical records from Dr. Kulick for the five-year period of May 1, 2007 to the present (#48). The parties do not dispute the five-year period as unreasonable; rather, plaintiffs seek to limit production to those records that relate only to Dr. Fernandez's emotional or mental condition.

This court agrees with the reasoning in Doe v. City of Chula Vista, 196 F.R.D. 562 (S.D. Cal. 1999) that where a plaintiff alleges special damages for emotional distress near the time of the defendants' alleged misconduct, the defendants should be allowed to determine whether the party is emotionally upset because of the defendants' conduct or for some other reason.

Dr. Fernandez identified Dr. Kulick as a witness for his emotional distress claim; therefore, he has put these records and communications directly at issue. It is fair to allow NHSE to obtain all of Dr. Kusick's records for the agreed upon time period to determine whether there are any other medical or emotional stressors that may have been caused by events or circumstances unrelated to the claims alleged against NHSE in this case.

Based upon the foregoing, plaintiff's motion to modify subpoena (#47) is DENIED.

**IT IS SO ORDERED.**

                                                LANCE S. WILSON, CLERK

                                By:_____/s/_____
                                              Deputy Clerk