FILED _____   _____ RECEIVED
ENTERED _____   _____ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 2 0 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

1  RICHARD SEGERBLOM, Bar No. 1010
   700 South Third Street
2  Las Vegas NV 89101
   702.388.9600 (office)
3  702.385.2909 (fax)
4
5  DAN SIEGEL, admitted *pro hac vice*
   DEAN ROYER, admitted *pro hac vice*
6  SIEGEL & YEE
   499 14th Street, Suite 300
7  Oakland, California 94612
   Telephone: (510) 839-1200
8  Facsimile: (510) 444-6698
9
   Attorneys for Plaintiffs
10
11 MARY PHELPS DUGAN, Nevada Bar No. 657
   General Counsel
12 GARY A. CARDINAL, Nevada Bar No. 76
   Assistant General Counsel
13 University of Nevada, Reno
   1664 North Virginia Street, MS550
14 Reno, Nevada 89557-0550
15 (775) 784-3493
   (775) 327-2202--FAX
16
17 Attorneys for Defendants

18       UNITED STATES DISTRICT COURT FOR THE

19              DISTRICT OF NEVADA

20 RANGESAN NARAYANAN and            )   Case No. 3:11-cv-00744-LRH-VPC
21 GEORGE FERNANDEZ,                 )
                                     )   **AMENDED STIPULATED PROTECTIVE**
22          Plaintiffs,              )   **ORDER RE CONFIDENTIAL**
                                     )   **INFORMATION**
23        vs.                        )
24                                   )
   THE STATE OF NEVADA EX REL THE    )
25 BOARD OF REGENTS OF THE NEVADA    )
26 SYSTEM OF HIGHER EDUCATION, et al,)
                                     )
27          Defendants.             _)

28                              1

## SCOPE OF PROTECTIVE ORDER

This Stipulated Protective Order is intended to apply to two categories of information: A.  Notices of Layoffs and Reassignments and related correspondence and, emails which the Court ordered Defendant to produce in its Minute Orders dated April 13, 2012 and May 14, 2012, Preliminary Analysis of EEO effects of 2010 proposed Curricular Review which is labeled Bates U07488, correspondence regarding tenure and B. Plaintiffs' Medical Records and Billing/Payment information.  Should additional categories of documents be produced that require a protective order, the parties will propose such further order(s) as deemed necessary.

A.  **Notices of Layoffs and Reassignments, Bates U07488 and Correspondence regarding Tenure :**

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows, concerning the notifications by Defendant NSHE to its tenured employees who were retained, reassigned or laid off from either of the two departments in the University of Nevada, Reno's College of Agriculture, Biotechnology and Natural Resources and the notifications to employees who were retained, reassigned or laid off from the Center for Research, Design and Analysis in 2010, and related correspondence, and emails, Bates U07488 regarding EEO issues, and correspondence regarding tenure, which the Court ordered must be provided to Plaintiffs subject to this protective order:

1. All notifications by Defendant NSHE to its tenured employees who were retained, reassigned or laid off from either of the two departments in the University of Nevada, Reno's College of Agriculture, Biotechnology and Natural Resources and the notifications to employees who were retained, reassigned or laid off from the Center for Research, Design and Analysis in 2010, and related correspondence,  and emails, Bates U07488 regarding EEO issues, and correspondence regarding tenure, which are subject to this Court's Order for production, shall be considered Confidential Information

2

1 and shall be used by the party or parties to whom the information is produced solely for

2 the purpose of this case.

3     2. Except with the prior written consent of other parties, or upon prior order of this

4 Court obtained upon notice to opposing counsel, Confidential Information shall not be

5 disclosed to any person other than:

6     (a) counsel for the respective parties to this litigation, including in-house counsel and

7 co-counsel retained for this litigation, including employees of counsel.

8     (b) any authors or recipients of the Confidential Information;

9     (c) the Court, Court personnel and court reporters.

10 **B. Medical Records and Billing Payment Information:**

11     In order to protect the confidentiality of medical records and medical billing and

12 payment information of either or both Plaintiffs obtained by the parties in connection

13 with this case, the parties hereby agree as follows concerning such information.

14     1. All medical records, including billing and payment information, shall be considered

15 Confidential Information and shall be used by the party or parties to whom the

16 information is produced solely for the purpose of this case.

17     2. Except with the prior written consent of other parties, or upon prior order of this

18 Court obtained upon notice to opposing counsel, Confidential Information shall not be

19 disclosed to any person other than:

20     (a) counsel for the respective parties to this litigation, including in-house counsel and

21 co-counsel retained for this litigation.

22     (b) any authors or recipients of the Confidential Information;

23     (c) the Court, Court personnel and court reporters

24     (d) employees of counsel for the parties;

25     (e) the parties;

26     (f) experts retained by either side, provided that each expert shall execute a copy of

27 the Certification attached to this Order as Exhibit "A" (which shall be retained by counsel

28                                              3

1    to the party disclosing the Confidential Information and made available for inspection by

2    opposing counsel during the pendency or after the termination of the action only upon

3    good cause shown and upon order of the Court) before being shown or given any

4    Confidential Information;

5      (g) witnesses, provided that each witness shall execute a copy of the Certification

6    attached to this Order as Exhibit "A" (which shall be retained by counsel to the party

7    disclosing the Confidential Information and made available for inspection by opposing

8    counsel during the pendency or after the termination of the action only upon good cause

9    shown and upon order of the Court) before being shown or given any Confidential

10    Information.

11     C. **Provisions Relating to Each Category of Documents:**

12      1. All documents subject to this Protective Order shall be marked "CONFIDENTIAL"

13    by the party producing the documents.

14      2. A party or non-party may designate information disclosed during a deposition or in

15    response to written discovery as "confidential" by so indicating in the response or on the

16    record at the deposition and requesting the preparation of a separate transcript of such

17    material. Additionally a party or non-party may designate in writing, within twenty (20)

18    days after receipt of the responses or of the deposition transcript for which the

19    designation is proposed, that specific pages of the transcript or specific responses be

20    treated as "confidential" information. Any other party may object to the proposal, in

21    writing or on the record. Upon an objection, the parties shall follow the procedures

22    described in paragraph 5 below. After any designation made according to the procedure

23    set forth in this paragraph, the designated documents or information shall be treated

24    according to the designation until the matter is resolved according to the procedures

25    described in paragraph 5 below, and counsel for all parties shall be responsible for

26    making all previously unmarked copies of the designated material in their possession or

27    control with the specified designation.

28

4

3. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

4. Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

5. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or nonparty who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

6. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

7. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless

5

Case 3:11-cv-00744-LRH -VPC   Document 74   Filed 08/13/12   Page 6 of 9

1   otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession

2   of Confidential Information, other than that which is contained in pleadings,

3   correspondence, and deposition transcripts, shall either (a) return such documents no

4   later than thirty (30) days after conclusion of this action to counsel for the party or

5   nonparty who provided such information, or (b) destroy such documents within the time

6   period upon consent of the party who provided the information and certify in writing

7   within thirty (30) days that the documents have been destroyed.

8       8. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the

9   use of documents at trial.

10      9. Nothing herein shall be deemed to waive any applicable privilege or work product

11  protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of

12  material protected by privilege or work product protection.

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28                                    6

1    Dated: August 13, 2012            SIEGEL & YEE

2

3                                By:    _s/ Dean Royer_____

4                                     Dean Royer

5                                Attorneys for Plaintiffs

6                                RANGESAN NARAYANAN and
                                  GEORGE FERNANDEZ

7

8

9    Dated: August 13, 2012            By: s/ Gary A. Cardinal
                                  Gary A. Cardinal

10

11                                Attorneys for Defendants
                                  THE STATE OF NEVADA EX REL

12                                THE BOARD OF REGENTS OF
                                  THE NEVADA SYSTEM OF

13                                HIGHER EDUCATION ON
                                  BEHALF OF THE UNIVERSITY

14                                OF NEVADA, RENO, and MARC
                                  JOHNSON, in his individual

15                                capacity

16

17

18                    IT IS SO ORDERED:

19                      _____

20                      United States Magistrate Judge

21                    DATED:     August 20, 2012

22

23

24

25

26

27

28

## EXHIBIT A

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated

_____, in *Rangesan Narayanan and George Fernandez v. The State of Nevada ex rel the Board of Regents of the Nevada System of Higher Education, et al.*, Civil Case No. 3:11-cv-00744-LRH-VPC. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all Confidential Information— including copies, notes, or other transcriptions made from Confidential Information—in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information—including copies, notes or other transcriptions made from Confidential Information—to the counsel who provided me with the Confidential Information. I consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.


DATED:_____.


_____

8

1

## CERTIFICATE OF SERVICE

2      I hereby certify that I am an employee of the University of Nevada, Reno, over

3  the age of eighteen years, that I am not a party to the within action, and that on the

4  13th day of August, 2012, I electronically filed the foregoing **STIPULATED**

5  **PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**, with the Clerk of the

6  Court by using the ECF system which served the following parties electronically:

7

8          RICHARD SEGERBLOM
           700 South Third Street
9          Las Vegas, Nevada 89101

10
           DAN SIEGEL
11         DEAN ROYER
           SIEGEL & YEE
12         499 14th Street, Suite 300
13         Oakland, California 94612

14

15

16                        /S/  Catherine M. Bandoni
17                        Employee of the University of Nevada, Reno

18

19

20

21

22

23

24

25

26

27

28                                      9