1  RICHARD SEGERBLOM, Bar No. 1010
   700 South Third Street
2  Las Vegas NV 89101
3  702.388.9600 (office)
   702.385.2909 (fax)
4  rsegerblom@lvcoxmail.com

5  DAN SIEGEL, admitted *pro hac vice*
6  DEAN ROYER, admitted *pro hac vice*
   SIEGEL & YEE
7  499 14th Street, Suite 300
   Oakland, California 94612
8  Telephone: (510) 839-1200
9  Facsimile: (510) 444-6698
   deanroyer@siegelyee.com

10
   Attorneys for Plaintiffs
11 RANGESAN NARAYANAN and
   GEORGE FERNANDEZ
12

13        **UNITED STATES DISTRICT COURT FOR THE**

14              **DISTRICT OF NEVADA**

15

16 RANGESAN NARAYANAN and          ) Case No. 3:11-cv-00744-LRH-VPC
   GEORGE FERNANDEZ,               )
                                   )
17                                 ) **OBJECTIONS TO DEFENDANTS'**
         Plaintiffs,               ) **EVIDENCE IN SUPPORT OF**
18                                 ) **MOTION FOR SUMMARY**
                                   ) **JUDGMENT**
      vs.                          )
19                                 )
20 THE STATE OF NEVADA EX REL THE  )
   BOARD OF REGENTS OF THE NEVADA  )
21 SYSTEM OF HIGHER EDUCATION, et al, )
                                   )
22       Defendants.               )
                                   )
23

24

25

26

27

28

**I. Objections to Affidavit of Marc Johnson ("Exhibit 1" Dkt. No. 89–1)**

**Evidence**: p. 3, lines 1–4, 8–11: "Beginning in 2009, the Nevada State Legislature significantly cut spending for higher education, which resulted in three rounds of budget cuts. The first cut resulted in a $33 million reduction in state funding for the University of Nevada, Reno for fiscal year 2010, which began on July 1, 2009... The third round of budget cuts resulted in yet another $31 million reduction in state funding for the University of Nevada, Reno, bringing the cumulative total for these reductions to approximately $75 million."

**Objection**: Not relevant, Fed. Rules Evid., rules 401, 402. Plaintiffs' complaint puts only the second round of budget cuts at issue because the first and third rounds did not result in their layoffs.

**Evidence**: p. 3, lines 12–17: "In response to the first round of cuts, the University laid off non-tenured administrative faculty, closed almost every vacant position on campus, substantially reduced operating funds going to specialized units and issued many notices of non- reappointment to both classified and administrative personnel. There were also reductions in non-tenured academic faculty, but no tenured faculty were laid off in response to the first round of budget cuts."

**Objection**: Not relevant, Fed. Rules Evid., rules 401, 402. Plaintiffs' complaint puts only the second round of budget cuts at issue because the first round did not result in their layoffs.

**II. Objections to Affidavit of Bruce Shively ("Exhibit 3" Dkt. No. 89–3)**

**Evidence**: p. 3, lines 23–25: "The total number of position reductions that occurred during the period from fiscal year 2009 to fiscal year 2011 was 266 for the University of Nevada, Reno, alone."

---

*Narayanan and Fernandez v. Board of Regents, et al.,* No. 3:11-cv-00744-LRH-VPC
Objections to Defendants' Evidence in support of Motion for Summary Judgment—1

1

2

**Objection**: Not relevant, Fed. Rules Evid., rules 401, 402. Plaintiffs' complaint puts at issue only the layoffs for which notice was given in 2010.

3

4

5

6

7

**Evidence**: p. 3, lines 26–27, p. 4, lines 1–2: "During the three rounds of legislatively mandated budget cuts from 2009 through fiscal year 2013, the University of Nevada, Reno lost some $75 million in annual state funding, resulting in the loss of approximately 600 positions across campus."

8

9

10

11

**Objection**: Not relevant, Fed. Rules Evid., rules 401, 402. Plaintiffs' complaint puts only the second round of budget cuts at issue because the first and third rounds did not result in their layoffs.

12

13

**III. Objections to Board of Regents Meeting Minutes ("Exhibit 5" Dkt. No. 89–5)**

14

**Evidence**: pp. 28–65.

15

16

**Objection**: Not relevant, Fed. Rules Evid., rules 401, 402. Plaintiffs' complaint puts only the budget reduction plans agenda items at issue.

17

**IV. Objections to Affidavit of Marsha Read ("Exhibit 6" Dkt. No. 89–6)**

18

19

20

21

22

23

**Evidence**: p. 3, lines 16–19: "I am informed and believe that Human Resources ultimately determined that Dr. Fernandez's tenure home was Resource Economics because that was the department in which he received tenure and because the Nevada Agricultural Experiment Station is not an academic department from which tenure can be granted."

24

**Objection**: Lack of personal knowledge, Fed. Rules Evid., rule 602.

25

26

**V. Objections to Deposition of Charlene Hart ("Exhibit 7" Dkt. No. 89–7)**

27

**Evidence**: p. 39, lines 8–24:

28

---

*Narayanan and Fernandez v. Board of Regents, et al.,* No. 3:11-cv-00744-LRH-VPC
Objections to Defendants' Evidence in support of Motion for Summary Judgment—2

1

2

Q. Okay. Did you and Dr. Pardini have any conversation about whether that was an appropriate action? And by appropriate action I mean his return to a department which was slated for closure?

3

4

A. I'm trying to remember, so—

5

6

Q. Okay.

7

A. —I believe that Dr. Pardini, in the—in conversations we had, Dr. Pardini had intentions of—his ultimate intention was to save the departments and the faculty.

8

9

Q Okay.

10

A. And he felt like downsizing his administrative team, that would help by getting them out, because we were top heavy.

11

12

13

Q. Okay.

14

A. So I think in Dr. Pardini's well thought out intentions he was going to save everybody.

15

16

**Objection**: Hearsay, Fed. Rules Evid., rules 801, 802.

17

**VI. Objections to Deposition of Rangesan Narayanan ("Exhibit 8" Dkt. No. 89–8)**

18

19

**Evidence**: p. 143:7–144:21:

20

Q. Okay. Do you think that Ron Pardini discriminates against people who aren't from the United States originally?

21

22

A. I don't think so.

23

24

Q. Did you complain to Ron Pardini after June of 2010 that you thought you were being discriminated against?

25

26

A. At some point when I filed the Complaint, I did mention it to Ron that I have filed this Complaint, I believe, or I may have said it just a little before, but not in June.

27

28

*Narayanan and Fernandez v. Board of Regents, et al.,* No. 3:11-cv-00744-LRH-VPC
Objections to Defendants' Evidence in support of Motion for Summary Judgment—3

1

Q. Well, Ron Pardini was your supervisor, wasn't he?

2

A. Right.

3

Q. Did you complain to your supervisor that you thought you were being

4

discriminated against based on your national origin?

5

6

A. Ron didn't send me a reassignment letter or Ron didn't send me a layoff notice,

7

and so this is all related to the reassignment letter.

8

Q. That is not my question. Did you complain to your Supervisor Ron Pardini at any

9

time after June 1st, 2010 that you thought you were being subjected to discrimination

10

11

based on your national origin?

12

A. I told him that I -- I cannot remember whether it was before or right after, but I

13

did tell him that I'm filing a Complaint.

14

Q. That is not my question. I understand you told him you were filing a Complaint.

15

16

My question is whether you went to him as your supervisor and complained to him that

17

you were being discriminated against based on your national origin?

18

A. I never received any decision from him, so I did not complain to him.

19

Q. Did you complain to Denise Cordova?

20

A. I don't know who that is.

21

22

Q. Did you complain to Marc Johnson?

23

A. No.

24

Q. Did you complain to President Glick?

25

A. No.

26

Q. And you didn't complain to Ron Pardini either, did you?

27

A. I don't know what complaint. I told him about

28

---

*Narayanan and Fernandez v. Board of Regents, et al.,* No. 3:11-cv-00744-LRH-VPC
Objections to Defendants' Evidence in support of Motion for Summary Judgment—4

1

2

**Objection**: Relevance, Fed. Rules Evid., rules 401, 402. Whether plaintiffs made complaints of discrimination is irrelevant because plaintiffs do not assert retaliation claims.

3

4

5

**Evidence**: p. 144:25–145:2:

6

Q. You told him you were filing a Complaint with the EEOC, correct?

7

A. Correct.

8

**Objection**: Relevance, Fed. Rules Evid., rules 401, 402. Whether plaintiffs made

9

complaints of discrimination is irrelevant because plaintiffs do not assert retaliation

10

claims.

11

12

**VII. Objections to Bart Patterson Memorandum ("Exhibit 10" Dkt. No. 89–**

13

**10)**

14

**Evidence**: The opinion expressed within the memorandum regarding "tenure

15

home."

16

**Objection**: Not relevant, Fed. Rules Evid., rules 401, 402. The memorandum was

17

not issued until after plaintiffs and other faculty and administrators were reassigned to

18

their purported "tenure home" in June 2010.

19

20

21

Dated: July 22, 2012

22

SIEGEL & YEE

23

24

By:  /s/ *Dean Royer*

        Dean Royer

25

26

Attorneys for Plaintiffs
RANGESAN NARAYANAN and
GEORGE FERNANDEZ

27

28

*Narayanan and Fernandez v. Board of Regents, et al.,* No. 3:11-cv-00744-LRH-VPC
Objections to Defendants' Evidence in support of Motion for Summary Judgment—5

**Proof of Service**

Re:   *Narayanan and Fernandez v. Board of Regents, et al.,*
      Case No. 3:11-cv-00744-LRH-VPC

I declare:

I am employed in the County of Alameda, State of California.  I am over the age of 18

years and not a party to the within action.  My business address is 499 14th Street, Suite

300, Oakland, California 94612.

On July 22, 2013, I served the following document:

**Objections to Defendants' Evidence in support of Motion for Summary
Judgment**

by transmitting a copy to:

Gary Cardinal
Assistant General Counsel
University of Nevada, Reno
1664 North Virginia Street, MS550
Reno, Nevada 89557-0550

via the following method:

 _X_   By electronically filing a copy in this case in which Mr. Cardinal is a Filing User.

I declare under penalty of perjury that the foregoing is true and correct.

Executed July 22, 2013.                    */s/ Dean Royer*_____
                                           Dean Royer

---

*Narayanan and Fernandez v. Board of Regents, et al.,* No. 3:11-cv-00744-LRH-VPC
Objections to Defendants' Evidence in support of Motion for Summary Judgment —6